UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SARAH BOARDMAN,

    Plaintiff,

v.

                                                                        Case No. 25-cv-0513-bhl

DONALD J TRUMP,

    Defendant.

## ORDER GRANTING MOTION TO DISMISS

    On April 7, 2025, Plaintiff Sarah Boardman, proceeding without an attorney, filed the present lawsuit against Defendant President Donald Trump. (ECF No. 1.) She seeks an injunction removing Defendant from office for any part he played in an insurrection at the United States capitol on January 6, 2021. (*Id.*) On May 5, 2025, Defendant moved to dismiss the complaint for lack of standing. (ECF No. 9.) Because Boardman does not have standing to pursue her claim, the case will be dismissed.[1]

## BACKGROUND

    Boardman alleges that an insurrection took place at the United States Capitol on January 6, 2021. (ECF No. 1 ¶1.) She maintains that Defendant instigated the insurrection and has since given aid and comfort to the insurrectionists. (*Id.* ¶¶1–3, 12.) Boardman invokes Section 3 of the Fourteenth Amendment to argue that Defendant is therefore ineligible to be president and seeks an injunction removing him from office. (*Id.* ¶¶4–5, 8–12.)

## ANALYSIS

    Federal courts are courts of limited jurisdiction, and, under Article III of the Constitution, a federal court may only exercise federal judicial power to decide actual "cases" and "controversies" falling within the jurisdiction authorized by Congress. *See* U.S. Const. art. III, §2.

---

[1] On April 14, 2025, Boardman filed a "Ex Parte Motion" asking the Court to relieve Defendant of his authority and appoint a qualified receiver. (ECF No. 3.) Because her case will be dismissed for lack of standing, this motion will be denied as moot.

A plaintiff seeking to invoke a federal court's jurisdiction must have a "personal stake" or "standing" in the outcome of the case. *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021) (quoting *Raines v. Byrd*, 521 U.S. 811, 819 (1997)). To establish standing, a plaintiff must show: (1) an injury-in-fact, (2) that is fairly traceable to the defendant, and (3) is likely to be redressed by a favorable judicial decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992). An injury-in-fact must be "concrete and particularized" and "actual or imminent." *Id.* at 560. A plaintiff must establish standing for each claim asserted and each form of relief sought. *TransUnion*, 594 U.S. at 431 (citing *Davis v. Fed. Election Comm'n*, 554 U.S. 724, 734 (2008)).

Boardman seeks an injunction removing Defendant from office. (ECF No. 1 at 6–7.) Her complaint maintains that she has been injured because he "has made more than one hundred threats to investigate, prosecute, imprison, or otherwise punish his perceived enemies, including political opponents and private citizens." (*Id.* ¶¶13–19.) Her complaint maintains that allowing Defendant to remain in office "presents a significant risk of irreparable harm here at home in the United States and globally." (*Id.* ¶26.) Defendant argues that these allegations are insufficient to give Boardman standing given that she alleges only generalized grievances and nothing that is personal to her individually. (ECF No. 10 at 3–6.)

Defendant is correct on the law. For standing purposes, the question is whether this injunction will address an actual and imminent injury that Boardman is likely to suffer because of Defendant's conduct. *See Lujan*, 504 U.S. at 560–61. An injury-in-fact is not a "generally available grievance about government," where the claim is the general public's interest in proper application of the Constitution, and the relief sought no more directly benefits the plaintiff than it does the public in general. *Id.* at 573. Boardman's complaint alleges injuries to the public at large, but it does not explain how the insurrection harmed her specifically. Accordingly, her complaint does not state an injury-in-fact to satisfy constitutionally required standing.

In her response brief, Boardman maintains that Defendant's actions have caused her "a decade of personal, traceable, and ongoing harm." (ECF No. 12 at 2 (cleaned up).) Specifically, she maintains that his actions have increased tariffs and financially harmed her business, (*id.* at 3–5), and that his response to COVID-19 derailed her children's education and mental health, (*id.* at 5–6.) But these complaints about policies are purely grievances that generally apply to citizens in our democracy and are not personal to her. That she does not like the policy choices that have resulted from the last presidential election does not give her standing to challenge Defendant's

candidacy. All executive actions have consequences, many of which citizens may not like or agree with. That does not, however, confer an injury-in-fact for constitutionally required standing. The Supreme Court has consistently held that "a plaintiff raising only a generally available grievance about government—claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large—does not state an Article III case or controversy." *Lujan*, 504 U.S. at 573–74.

Boardman fails to allege a concrete and particularized injury that is unique to her and not shared by every other member of the general public. *See Schlesinger v. Reservists Comm. to Stop the War*, 418 U.S. 208, 220, 94 S. Ct. 2925, 2932, 41 L. Ed. 2d 706 (1974) ([S]tanding to sue may not be predicated upon an interest of the kind alleged here which is held in common by all members of the public[.]"). Because the complaint fails to allege an injury-in-fact, the Court will grant Defendant's motion and dismiss the complaint for lack of Article III standing.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss, ECF No. 9, is **GRANTED**.

**IT IS FURTHER ORDERED** that Boardman's Complaint, ECF No. 1, is **DISMISSED** for lack of Article III standing. The Clerk of Court shall enter final judgment accordingly.

**IT IS FURTHER ORDERED** that Boardman's "Ex Parte Motion," ECF No. 3, is **DENIED as moot**.

Dated at Milwaukee, Wisconsin on October 15, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge